## A. S. MIDYETTE v. FARMERS MANUFACTURING COMPANY.

(Filed 16 September, 1925.)

APPEAL by defendant from judgment rendered at April Term, 1925, of Superior Court of CURRITUCK. *Cranmer, J.* No error.

Action to recover damages for the destruction of plaintiff's nets, alleged to have been burned by fire, negligently set out by defendant. From judgment upon verdict, in favor of plaintiff, defendant appealed.

*Ehringhaus & Hall for plaintiff.*
*Aydlett & Simpson for defendant.*

PER CURIAM. Assignment of error chiefly relied upon by defendant, upon its appeal to this Court, is the refusal of the court to allow its motion for judgment as of nonsuit, at the close of plaintiff's evidence; C. S., 567. No evidence was offered by defendant. There was sufficient evidence to sustain the allegations of plaintiff. This assignment of error cannot be sustained.

Assignments of error based upon exceptions to evidence offered by plaintiff, and upon exceptions to the charge of the court are not sustained. The judgment must be affirmed. We find

No error. -

---

## TIDEWATER BANK & TRUST COMPANY AND METROPOLITAN BANK & TRUST COMPANY v. CATHERINE W. BROWN, W. H. HOLLAND, F. M. W. BUTLER AND J. R. FLEMING.

(Filed 16 September, 1925.)

APPEAL by plaintiffs from *Cranmer, J.,* at December Term, 1924, of PASQUOTANK.

Plaintiffs brought suit to recover judgment on a promissory note for $1,739.00 executed by Catherine W. Brown and endorsed by her co-defendants. Pleadings were duly filed, and at the trial the following verdict was returned:

1. Is the plaintiff the owner and holder of the note in due course? Answer: Yes, owner, but not holder in due course.

2. Was the execution and delivery of the note by maker and endorsers obtained by fraudulent misrepresentations of the agent of the payee as alleged in the answer? Answer: Yes.

3. In what sum, if any, are the defendants indebted to the plaintiff? Answer: ...........

STATE *v.* FLOOD; TRUST CO. *v.* BROWN.

*Aydlett & Simpson for plaintiff.*
*W. L. Small and Ehringhaus & Hall for defendant.*

PER CURIAM. This case has been tried in substantial compliance with the law which is applicable, and the record presents no satisfactory reason for disturbing the verdict.

No error.

STATE v. JOHN FLOOD.

(Filed 16 September, 1925.)

APPEAL by defendant from *Sinclair, J.,* at March Term, 1925, of the Superior Court of EDGECOMBE.

The defendant was convicted of a breach of the prohibition law and from the judgment he appealed.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

PER CURIAM. The defendant in apt time moved to set aside the verdict on the ground of newly discovered evidence. His Honor heard oral testimony not available to the defendant at the trial and in his discretion denied the motion. In this, we find no error. The motion, of course, cannot be entertained in this Court. *S. v. Jenkins,* 182 N. C., 818. The demurrer to the evidence and the motion to vacate the verdict on the ground that the State's evidence was insufficient were properly overruled. There are no other assignments of error.

No error.

TIDEWATER BANK & TRUST COMPANY AND METROPOLITAN BANK & TRUST COMPANY v. CATHERINE W. BROWN AND CATHERINE W. BROWN, AS ADMINISTRATRIX OF C. W. BROWN.

(Filed 16 September, 1925.)

APPEAL by plaintiffs from *Cranmer, J.,* at January Term, 1925, of PASQUOTANK.

Plaintiffs brought suit on a promissory note for $2,700.00 executed to the Tidewater Bank & Trust Company by Catherine W. Brown and her